IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LONG JOHN SILVERS, INC.,      )
                               )
         **Plaintiff,**     )
                               )
**v.**                         )     **Case No. CIV-10-504-R**
                               )
**VICTORIA STEWART, et al.,**   )
                               )
        **Defendants.**    )

## ORDER

Defendant American Arbitration Association ("AAA) has filed an amended motion to dismiss [Doc. No. 53] Plaintiff's Complaint against it pursuant to F.R.Civ.P. 12(b)(6) on the ground that it is immune from civil liability and suit under the doctrine of arbitral immunity, which extends not only to arbitrators themselves but to organizations that sponsor arbitrations, such as the AAA. In support of this assertion, Defendant cites *Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 & 1159 (10th Cir. 2007) as well as cases from other circuit courts of appeals. Defendant asserts that arbitral immunity insulates it not only from damage claims but from claims for injunctive and declaratory relief as well, as are asserted against the AAA in this case, citing *Tamari v. Conrad*, 552 F.2d 778, 780 (7th Cir. 1977); *New England Cleaning Services, Inc.*, 199 F.3d 542, 543 (1st Cir. 1999) and *Global Gold Mining, L.L.C. v. Robinson*, 533 F.Supp.2d 442 (S.D.N.Y. 2008).

Plaintiff Long John Silver's, Inc. ("LJS") in response asserts that arbitral immunity does not apply in actions like this one in which declaratory and prospective injunctive relief is sought. Plaintiff LJS's argument is predicated on the notion that arbitral immunity is an

extension of judicial immunity, which does not apply to suits for prospective relief, it says, citing *Pulliam v. Allen*, 466 U.S. 522, 524, 535-37 & 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Plaintiff points out that the Tenth Circuit has followed *Pulliam*, holding that judges are "not shielded by absolute immunity from declaratory or injunctive relief." *Schepp v. Fremont County, Wyo.,* 900 F.2d 1448, 1451 (10th Cir. 1990) and *Lewis v. Mikesic*, 195 Fed. Appx. 709, 2006 WL 2053868 at * 1 (10th Cir. July 25, 2006)(unpublished). Plaintiff asserts that arbitrators, like judges, are not immune from claims for equitable relief, citing *Kemner v. District Council of Painting and Allied Trades, No. 36*, 768 F.2d 1115, 1119-20 (9th Cir. 1985) and *Trans World Airlines, Inc. v. Sinicropi*, 1994 WL 132233 (S.D.N.Y. April 14, 1994) (No. 93 CIV.3094 (CSH)). Indeed, it suggests that in *Pfannenstiel*, *supra*, the Tenth Circuit implied that arbitrators would be accorded only the immunity afforded judges, which would not extend to claims for declaratory and injunctive relief. Plaintiff LJS further asserts that *Tamari, supra.,* is irrelevant because it was decided before *Pulliam*, and attempts to distinguish the cases of *New England Cleaning Services, Inc. v. AAA, supra.*, and *Global Gold Mining, L.L.C. v. Robinson, supra.* Plaintiff LJS's claims against the AAA fall squarely within the exception to judicial and arbitral immunity, it asserts.

Defendant Victoria Stewart has filed a supplemental brief in support of Defendant AAA's motion to dismiss and in reply to LJS's brief. She argues that the Court's July 7, 2010 Order dismissing LJS's Complaint against her on the ground that LJS had waived its right to contest or challenge the Clause Construction Award by appeal or otherwise precludes LJS's claims against the AAA as well. In addition, she asserts that LJS contractually waived

its right or ability to sue the AAA regarding the arbitration proceeding under Rule 12(d) of

the Supplementary Rules for Class Arbitration (pursuant to which the arbitration is being

conducted) and under the AAA's Commercial Arbitration Rules, specifically Rules R-48(b)

& (d), under which LJS agreed arbitration would occur in the arbitration agreements entered

into with its employees.   Additionally, Defendant Stewart asserts, R-1 of the AAA's

Commercial Arbitration Rules effectively incorporates the AAA's National Rules for the

Resolution of Employment Disputes, which in Rule 37 provides that "[n]either the AAA nor

any arbitrator shall be liable to any party for any act or omission in connection with any

arbitration conducted under the procedures." Courts have routinely dismissed the AAA from

suits based upon these rules, Defendant Stewart asserts citing *Conner v. American*

*Arbitration Association*, 310 Fed. Appx. 611 (4th Cir), *cert. denied*, ___ U.S. ___, 130 S.Ct.

76, 175 L.Ed.2d 53 (2009); *Sierra v. Bally Total Fitness  Corp.,* 2007 WL 1028937

(E.D.N.Y., March 30, 2007) and *Republic of Equador v. ChevronTexaco Corp.,* 376

F.Supp.2d 334 (S.D.N.Y. 2005).

Defendant AAA filed a reply brief [Doc. No. 61], arguing that LJS has failed to

proffer authority limiting the well-established arbitral immunity that applies herein and

asserting that the doctrines of judicial immunity and arbitral immunity are not coextensive.

The AAA points out that LJS has not cited a single case supporting its argument that *Pulliam*

applies to arbitral immunity.  The AAA also distinguishes the *Kenner* decision, cited by LJS,

on the ground that the Court therein found authority in § 301 of the Labor Management

Relations Act to determine whether arbitration committees acted in excess of their

jurisdiction under a collective bargaining agreement but did not apply an "exception" to arbitral immunity.  While *Pulliam* was initially applied to arbitral immunity in *Trans World Airlines, Inc. v. Sinicropi*, 1994 WL 132233 (S.D.N.Y., April 14, 1994), the AAA acknowledges, ultimately summary judgment was granted to all defendants while a motion to reconsider the motion to dismiss on grounds of arbitral immunity was pending so whether *Pulliam* extends to arbitral immunity was never fully decided, the AAA states, citing *Trans World Airlines, Inc. v. Sinicropi*, 887 F.Supp. 595 (S.D.N.Y. 1995), *aff'd*, 84 F.3d 116 (2d. Cir. 1996).  The AAA distinguishes *Sinicropi* on other grounds as well and notes that more recent decisions from the District Court for the Southern District of New York have applied arbitral immunity to claims for injunctive or declaratory relief as well, citing *Prudential Bache-Securities (Hong Kong) Ltd. v. National Association of Securities Dealers Dispute Resolution, Inc.*, 289 F.Supp.2d 438 (S.D.N.Y. 2003) and *Global Gold Mining, L.L.C. v. Robinson*, 533 F.Supp.2d 442 (S.D.N.Y. 2008).  Defendant AAA cites other circuit and district court cases supporting its argument that arbitral immunity applies to claims for declaratory and injunctive relief as well as to those for damages.  Finally, the AAA asserts that under the AAA rules to which LJS and its employees agreed arbitration of any employment disputes or claims would be conducted, specifically AAA's Commercial Arbitration Rules and Supplementary Rules for Class Arbitrations, the parties consented that neither the AAA nor any arbitrator would be liable to any party seeking damages or injunctive relief for any act or omission in connection with any arbitration under the rules and that courts' dismissals of the AAA on the basis of these rules have been uniformly upheld.

4

LJS filed a supplemental brief [Doc. No. 66] to address the new argument raised in the AAA's reply brief.   In this brief, LJS points out other portions of the AAA Supplementary Rule, specifically 12(b), which provides that it is the policy of the AAA to comply with any court order directed to the parties to the arbitration or with respect to the conduct of an arbitration, whether or not the AAA is named as a party in the judicial proceeding in which the order is issued, and Rule 12(d), which only exempts the AAA and any arbitrator for liability to any party for damages or injunctive relief.  LJS states that in the face of these rules, this Court can still grant declaratory relief, declaring that *Stolt-Nielsen* applies to pending AAA class arbitrations.  Additionally, LJS asserts that because AAA's Supplementary Class Rules were prompted by the Supreme Court's decision in *Green Tree Financial Corp v. Bazzle*, 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003) which is no longer good law, LJS's action would require the AAA to take action concerning pending and future class actions (and presumably the promulgation of new rules) consistent with *Stolt-Neilsen*, just as it did following *Bazzle*.

In 2007, the Tenth Circuit for the first time ruled on the doctrine of arbitral immunity. *See Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith*, 477 F.3d 1155, 1158 (10th Cir. 2007).  In essence, the Tenth Circuit followed the decisions of other circuit courts and the United States Supreme Court and the rationales for their decisions and held that arbitrators and arbitration organizations or associations are entitled to immunity as long as the claim, regardless of its nominal title, effectively seeks to challenge the decisional act of an arbitrator or arbitration panel[.]" *Id.* at 1159.  In *Pfannenstiel*, the Tenth Circuit specifically upheld

dismissal of the plaintiff's damages claim against the NASD based upon arbitral immunity, 477 F.3d at 1160, but it is noted that in that case the plaintiff also sought an order compelling the NASD to establish a protocol for preserving evidence and transcripts. *Id.* at 1157. However, the Tenth Circuit's rationale, that a claim which is little more than a veiled attack on the decision rendered against . . . [the plaintiff] by the arbitration panel," *id*. at 1160, is equally applicable to the plaintiff's claim for injunctive or declaratory relief against the NASD regarding the preservation of evidence and transcripts, although that claim was not specifically addressed in the Tenth Circuit decision. Likewise, the rationale of other courts supporting the doctrine of arbitral immunity which the Tenth Circuit apparently found persuasive – "to protect the decision-makers from undue influence and protect the decision-making process from reprisals by dissatisfied litigants," 477 F.3d at 1158, quoting *New England Cleaning Services, Inc. v. American Arbitration Ass'n.,* 199 F.3d 542, 545 (1st Cir. 1999), and "to protect the decision-makers from bias or intimidation caused by fear of a lawsuit arising out of the exercise" of arbitrators' functions, 477 F.3d at 1159, – apply equally to claims for injunctive and/or declaratory relief against arbitrators and arbitration associations arising out of a decisional act as they do to claims for damages. It is the Court's opinion that the Tenth Circuit's decision in *Pfannenstiel*, at least by logical extension, supports the application of arbitral immunity to all claims, whether for damages or equitable relief, against arbitrators and arbitration organizations or associations.

Indeed, a number of other courts have held that arbitral immunity protects arbitrators and arbitration associations from both claims for damages and claims for equitable relief.

*See International Medical Group, Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833, 839-40, 844 (7th Cir. 2002) (AAA is immune from suit including claims for damages, injunctive relief and a declaratory judgment); *New England Cleaning Services, Inc. v. American Arbitration Ass'n.,* 199 F.3d 542, 544 & 545-46 (1st Cir. 1999)(AAA is protected by arbitral immunity from plaintiff's claims for an injunction and damages against it); *Tamari v. Conrad*, 552 F.2d 778, 780 & 780-81 (7th Cir. 1977)((plaintiff's suit against eight arbitrators named by The Chicago Board of Trade for prospective injunctive and declaratory relief was barred by arbitral immunity); *Hawkins v. National Association of Securities Dealers, Inc.*, 149 F.3d 330, 332 (5th Cir. 1998)(plaintiff's claims against the NASD, to enforce liabilities and duties created by federal securities laws, thus appearing to be claims for injunctive relief, are barred by arbitral immunity and therefore were properly dismissed); *Global Gold Mining, L.L.C. v. Robinson*, 533 F.Supp.2d 442, 443-44 & 447-48 (S.D.N.Y. 2008)(suit for injunctive relief against the International Court of Arbitration of the International Chamber of Commerce and the International Chamber of Commerce is barred by arbitral immunity; whether the injunctive relief sought is retrospective or prospective is not material because the arbitrator and arbitral administrative institution are not the real parties in interest to litigate the question of arbitrability of a dispute and the same rationale for immunizing arbitrators and arbitral administrators from damages are equally applicable to immunize them for defending claims for injunctive relief); *Prudential Bache-Securities (Hong Kong) Ltd. v. National Association of Securities Dealers Dispute Resolution, Inc.*, 289 F.Supp.2d 438, 439 & 440 (S.D.N.Y 2003)(arbitrators and their sponsors are immune from

suit for jurisdictional determinations, so plaintiff's claim for injunctive relief against NASD

Dispute Resolution, Inc. is barred by arbitral immunity); *Bernhard Mechanical Contractors,*

*Inc. v. American Arbitration Association*, 2008 WL 706618 at * 1 & * 2-3 (W.D. La. Feb.

20, 2008)(No. 07-1919)(plaintiff's claims for injunctive relief against the AAA are barred

by arbitral immunity); *Precision Mechanical, Inc. v. Karr*, 2005 WL 3277966 at * 4 & * 8

(M.D. Fla. Dec. 2, 2005)(No. 6:05CV1353 ORL31K)(arbitrators are immune from civil

liability for all acts performed in the arbitral capacity and sponsoring organizations are

entitled to immunity for all functions integrally related to the arbitral process; therefore,

plaintiffs' claims for declaratory and injunctive relief against the arbitrators and the

sponsoring organizations are precluded by arbitral immunity and dismissal of the claims

against them was proper). The Court recognizes that there is authority to the contrary, *see*

*Kemner v. District Council of Painting & Allied Trades No. 36*, 768 F.2d 1115, 1119-20 (9th

Cir. 1985) and *Trans World Airlines, Inc. v. Sinicropi*, 1994 WL 132233 (S.D.N.Y. April 14,

1994) (No. 93 CIV.3094 (CSH)(arbitrators are not immune from claims for equitable relief),

but those decisions proffer no policy reasons for their conclusions. Moreover, the Court is

persuaded by those courts which have held that arbitral immunity extends to equitable claims

as well as damage claims and finds the rationales and conclusions of those courts consistent

with the underlying rationales for the Tenth Circuit's decision in *Pfannenstiel*. "The same

considerations [which support immunizing arbitrators from claims for damages] support

interpreting the arbitral immunity doctrine to shield arbitrators from claims for equitable

relief." Michael D. Moberly*, Immunizing Arbitrators From Claims for Equitable Relief*, 5

PEPP.D.R.L.J. 325, 358 (2005) (discussing considerations cited and not cited in cases addressing the issue). The cited law journal article discusses the equitable exception to judicial immunity, in which arbitral immunity has its roots, under the Supreme Court decision in *Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984), but nevertheless concludes that arbitrators should be immune from equitable claims as well as those for damages.

In addition, in entering into agreements with its employees to arbitrate employment disputes, LJS agreed arbitration would be administered by the AAA and subject to its rules applicable to the dispute. Those rules include the Commercial Arbitration Rules and the Supplementary Rules for Class Arbitrations. Rule 12(d) of the Supplementary Rules for Class Arbitrations provides as follows:

> Parties to an arbitration under these Supplementary Rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action seeking damages or injunctive relief for any act or omission in connection with any arbitration under these Supplementary Rules.

Rule 12(d) of the Supplementary
Rules for Class Arbitrators

Likewise, R-48(d) of the AAA's Commercial Arbitration Rules is virtually identical. *See* Exhibit "2" to Defendant Stewart's Brief. Thus, LJS is deemed to have agreed that the AAA cannot be liable for any claims for damages or injunctive relief in connection with acts and omissions occurring during arbitration and/or to have waived claims therefor. Plaintiff LJS fails to state claims for damages and injunctive relief against the AAA on which relief can be granted for this reason as well.

Although Plaintiff LJS is correct that absolute judicial immunity does not bar claims for prospective injunctive relief at least in suits brought pursuant to 42 U.S.C. § 1983, *see Mireles v. Waco*, 502 U.S. 9, 10 n.1, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Pulliam v. Allen*, 466 U.S. 522, 541-42, 104 S.Ct. 1970, 1980-81, 80 L.Ed.2d 565 (1984); *Ellibee v. Fox*, 244 Fed. Appx. 839, 844, 2007 WL 1776347 at *4 (10th Cir. June 21, 2007)(No. 06-3382); *Lewis v. Mikesic*, 195 Fed. Appx. 709, 710, 2006 WL 2053868 at *1 (10th Cir. July 25, 2006)(No. 06-3089), the Court concludes, based upon the previously cited cases, that arbitral immunity is not coextensive with judicial immunity, even though it has its roots in that doctrine. Morever, judicial immunity in contexts other than 42 U.S.C. § 1983 litigation may extend to declaratory and prospective injunctive relief.  *See Switzer v. Coan*, 261 F.3d 985, 990 n. 9 (10th Cir. 2001)(citing *Mullis v. United States Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987)(distinguishing *Pulliam* and extending judicial immunity to preclude equitable *Bivens* claim) and *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000)(following *Mullis*)). Finally, although Plaintiff LJS asserts that it is seeking declaratory and prospective injunctive relief against the AAA to prevent it from proceeding with class arbitration, what Plaintiff LJS's claims are really addressed to is the past conduct of the arbitrator.  *See Guttman v. Silverberg*, 167 Fed. Appx. 1, 5, 2005 WL 3462805, at * 4 (10th Cir. Dec. 19, 2005)(No. 05-2180).  It really seeks vacator or reversal of the arbitrator's rulings that it contends are inconsistent with *Stolt-Nielson* or of the arbitrator's refusal to apply *Stolt-Nielson,* which is really retrospective relief.

In accordance with the foregoing and for all of the foregoing reasons, Defendant

AAA's motion to dismiss Plaintiff's Complaint against it is GRANTED.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE